UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LYMAN S. HOPKINS,<br>     PLAINTIFF, | :<br>: |
| | : CIVIL ACTION NO. 3:09cv1143(VLB) |
| | : |
| v. | : OCTOBER 13, 2011 |
| | : |
| BRIDGEPORT BOARD OF EDUCATION,<br>     DEFENDANT. | :<br>: |

### ORDER REGARDING THE PARTIES' JOINT TRIAL MEMORANDUM

*A. Proposed description of the case and parties*

The Court intends to give the voir dire panel the following description of the case and parties.  This is a breach of contract and retaliation case brought under 42 U.S.C. §2000e by Plaintiff, Lyman Hopkins who was formerly employed by Defendant Bridgeport Board of Education from 2005-2006.  Following the non-renewal of Plaintiff's teaching contract, Mr. Hopkins and the Board reached a settlement agreement on March 3, 2008.  Mr. Hopkins contends that the Board breached the terms of the Settlement Agreement and retaliated against him for filing a complaint with the Commission on Human Rights and Opportunities, by failing to respond to his requests for the email address of the person designated to provide an employment reference for him in the form and as specified in the settlement agreement so that he could file employment applications electronically as required by prospective employers.  Defendant claims that the Settlement Agreement was not breached nor did it retaliate against the Plaintiff, asserting that it complied with its obligations under the settlement agreement by giving him a reference letter which the Plaintiff failed to provide to prospective employers.

1

### B. *Objections raised by the Defendants in the Joint Trial Memorandum*

Defendants have objected to the proposed testimony of John Ramos on the basis of relevance pursuant to Fed. R. Evid. 402.  Plaintiff has indicated that Mr. Ramos will testify about the communications Plaintiff sent to Ramos requesting employment references.  The objection is overruled as this testimony is relevant to demonstrate Plaintiff's attempt to obtain performance of the terms of the Settlement Agreement.

Defendants have objected to the proposed testimony of Lisa Egan, esquire on the basis of relevance pursuant to Fed. R. Evid. 402 and attorney client privilege.  Plaintiff has indicated that Attorney Egan will testify about the March 2008 Settlement Agreement.  The objection is overruled as the Settlement Agreement is relevant to Plaintiff's claims.  If Attorney Egan represented Plaintiff then Plaintiff may waive the attorney-client privilege.   However if Attorney Egan represented Defendants, Attorney Egan may still testify regarding information not subject to a proper claim of attorney-client or attorney work product privilege.

Defendants have objected to the proposed testimony of Melanie Howlett, esquire who is an attorney with the office of the city attorney, on the basis of relevance pursuant to Fed. R. Evid. 402.   Plaintiff has indicated that Attorney Howlett will testify about the faxes Plaintiff sent in January 2009 and the January 2009 CHRO MAR addenda.  To the extent that Attorney Howlett is asked to testify regarding Plaintiff's attempt to obtain performance of the terms of the Settlement Agreement such information would be relevant and therefore the objection is overruled.

Defendants have objected to the proposed testimony of Daniel Salerno, a CHRO Investigator, on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that Mr. Salerno will testify about the CHRO investigation. The CHRO's investigation is not relevant to Plaintiff's remaining retaliation and breach of contract claims as Defendants do not dispute that Plaintiff engaged in a protected activity when he filed a CHRO complaint. The investigation of and the substantive claims of Plaintiff's CHRO complaint are not relevant to Plaintiff's retaliation claim. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. The objection is sustained.

Defendants have objected to the proposed testimony of Tanya Hughes, a Regional CHRO manager on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that Ms. Hughes will testify about the CHRO matter merit assessment. As discussed above, the CHRO's investigation is not relevant to Plaintiff's remaining retaliation and breach of contract claims. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. Therefore the objection is sustained.

Defendants have objected to the proposed testimony of Bonnie Robb on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that Ms. Robb will testify about the history of black male foreign language candidates in teaching certificate programs and Plaintiff's teaching certification. The history of black male foreign language candidates in teaching certificate programs is not relevant to Plaintiff's remaining retaliation and breach of contract claim. The

Court dismissed Plaintiff's disparate impact claim in its decision on the motion for summary judgment.  The Plaintiff has therefore failed to establish what material fact at issue this proposed testimony regarding the history of black male foreign language candidates in teaching certificate programs would tend to prove or disprove.  The objection to the proposed testimony regarding the history of black male foreign language candidates in teaching certificate programs is sustained.  As the Defendants challenge Plaintiff's qualification for the positions for which he applied, evidence of Plaintiff's professional credentials is relevant and the objection is overruled as to the testimony regarding Plaintiff's teaching certification.

Defendants have objected to the proposed testimony of the custodian of records for Plaintiff's Delaware Teachers Certification on the basis of relevance pursuant to Fed. R. Evid. 402.  As the Defendants challenge Plaintiff's qualification for the positions for which he applied, evidence of Plaintiff's professional credentials is relevant and the objection is overruled.   The Court notes that Plaintiff need not have the custodian of records testify as to his teaching certification and that Plaintiff may introduce the certification itself directly into evidence.

Defendants have objected to the proposed testimony of Kathy DeFelice, Education Consultant Bureau of Educator Standards and Certification on the basis of relevance pursuant to Fed. R. Evid. 402.  Plaintiff has indicated that Ms. DeFelice will testify about the Plaintiff's teaching certification.  As the Defendants challenge Plaintiff's qualification for the positions for which he applied, evidence

4

of Plaintiff's professional credentials are relevant and the objection is overruled. The Court notes that Plaintiff need not have Ms. DeFelice testify as to his teaching certification and that Plaintiff may introduce the certification itself directly into evidence.

Defendants have objected to the proposed testimony of the custodian of records, NJ certification on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that custodian of records will testify about the Plaintiff's teaching certification. As the Defendants challenge Plaintiff's qualification for the positions for which he applied, evidence of Plaintiff's professional credentials are relevant and the objection is overruled. The Court notes that Plaintiff need not have the custodian of records testify as to his teaching certification and that Plaintiff may introduce the certification itself directly into evidence.

Defendants have objected to the proposed testimony of Barbara Canzonetti, an education consultant with the Connecticut State Department of Education Bureau of Research, Evaluation, and Student Assessment on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that Ms. Canzonetti will testify about statistics regarding gender, race foreign language teachings in Connecticut schools. As the Court dismissed Plaintiff's disparate impact claim in its order on the motion for summary judgment, such testimony is not relevant to Plaintiff's remaining retaliation and breach of contract claim. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. The objection is sustained.

**Defendants have objected to the proposed testimony of the custodian of records, US Postal Service on the basis of relevance pursuant to Fed. R. Evid. 402. The Plaintiff has indicated the custodian of records will testify about the U.S. mail processing. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. Such testimony has not been shown to be relevant to Plaintiff's remaining claims and the objection is sustained.**

**Defendants have objected to the proposed testimony of the custodian of records, Juno Online Services on the basis of relevance pursuant to Fed. R. Evid. 402. The Plaintiff has indicated that the custodian of records will testify about the Defendant's email activity. The objection is sustained to the extent that Defendants do no object to Plaintiff's proffer of his Juno email records.**

**Defendants have objected to the proposed testimony of Norma Bouchard on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that Ms. Bouchard will testify about the national study on secondary to postsecondary foreign language article. As the Court dismissed Plaintiff's disparate impact claim in its order on the motion for summary judgment, such testimony is not relevant to Plaintiff's remaining retaliation and breach of contract claim. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. The objection is sustained.**

**Defendants have objected to the proposed testimony of the Florida Division of Driver License on the basis of relevance pursuant to Fed. R. Evid. 402.**

6

**The Plaintiff has indicated that the Florida Division of Driver License will testify about Plaintiff's residency in Florida. Such testimony is not relevant to Plaintiff's remaining claims. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. The objection is sustained.**

Defendants have objected to the proposed testimony of the National Center for Education Services on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that the National Center for Education Services will testify about article regarding Digest of Education Statistics. As the Court dismissed Plaintiff's disparate impact claim in its order on the motion for summary judgment, such testimony is not relevant to Plaintiff's remaining retaliation and breach of contract claim. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. The objection is sustained.

Defendants have objected to the proposed testimony of the Florida International University Office of the Registrar on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that the Registrar will testify about Plaintiff's spring attendance at the university. As the Defendants challenge Plaintiff's qualification for the positions for which he applied, evidence of Plaintiff's professional credentials is relevant to the issue of damages and proximate cause. The objection is overruled.

**Defendants have objected to the proposed testimony of the custodian of records, U.S. District Court on the basis of relevance pursuant to Fed. R. Evid. 402. Plaintiff has indicated that the U.S. District Court custodian of records will testify about Plaintiff's NJ District civil action. Such testimony is not relevant to Plaintiff's remaining retaliation and breach of contract claim. The Plaintiff has failed to establish what material fact at issue the proposed testimony would tend to prove or disprove. The objection is sustained.**

**Defendants have objected to Plaintiff's proposed exhibits 2 and 3 which are articles regarding education statistics on the basis of relevant pursuant to Fed. R. Evid. 402 and inadmissible hearsay. As the Court dismissed Plaintiff's disparate impact claim in its order on the motion for summary judgment, such evidence is not relevant to Plaintiff's remaining retaliation and breach of contract claim. The Plaintiff has failed to establish what material fact at issue the proposed exhibit would tend to prove or disprove. The objection is sustained.**

**Defendants have objected to Plaintiff's proposed exhibit 8 which is an unsigned version of the settlement agreement and requests that exhibit 8 should be withdrawn and replaced with Defendant's exhibit G which is the executed and operative Settlement Agreement. The Court agrees and the objection is sustained.**

**Defendants have objected to Plaintiff's proposed exhibit 9 which is the unsigned letter of reference and requests that exhibit 9 should be withdrawn and**

replaced with Defendant's exhibit H which is the signed letter of reference. The Court agrees and the objection is sustained.

Defendants have objected to the first page of Plaintiff's proposed exhibit 10 which is a receipt for petty cash for copies of personnel files from the St. Lucie County School Board on the basis of relevance. Such evidence is relevant demonstrate that Plaintiff applied for employment with the St. Lucie County School Board and therefore the objection is overruled.

Defendants have objected to Plaintiff's proposed exhibit 14 which are delivery receipts to the CRHO on the basis of relevance pursuant to Fed. R. Evid. 402. As discussed above the CHRO investigation is not relevant to Plaintiff's remaining retaliation claim and breach of contract claims as Defendants do not dispute that Plaintiff engaged in a protected activity when he filed a CHRO complaint. The Plaintiff has failed to establish what material fact at issue the proposed exhibit would tend to prove or disprove. The objection is sustained.

Defendants have objected to Plaintiff's proposed exhibit 15 based on relevance pursuant to Fed. R. Evid. 402. Exhibit 15 is a January 28, 2009 letter from Hopkins to the CHRO regarding the status of references received or needed by Florida School districts. Such evidence is relevant to demonstrate that Plaintiff sought and Defendants failed to provide employment references and therefore the objection is overruled.

Defendants have objected to Plaintiff's proposed exhibit 16 based on relevance pursuant to Fed. R. Evid. 402. Exhibit 15 is a fax verification and phone

9

bills indicating that Plaintiff sent faxes to Mr. Ramos and others.  Such evidence is relevant to demonstrate that Plaintiff sought and Defendants failed to provide employment references as was as well as Plaintiff's efforts to obtain performance of the terms of the Settlement Agreement and therefore the objection is overruled.

Defendants have objected to Plaintiff's proposed exhibit 17 on the basis of relevance pursuant to Fed. R. Evid. 402.  Exhibit 17 is correspondence from the CHRO to Plaintiff confirming the CHRO's receipt of Plaintiff's request for reconsideration of his CHRO complaint.  Such evidence is not relevant to Plaintiff's remaining claims.  The Plaintiff has failed to establish what material fact at issue the proposed exhibit would tend to prove or disprove.  The objection is sustained.

Defendants have objected to Plaintiff's proposed exhibit 20 on the basis of relevance pursuant to Fed. R. Evid. 402.   Exhibit 19 is a Plaintiff's Official Transcript from Florida International University.  Such evidence is relevant to demonstrate Plaintiff's professional credentials.

Defendants have objected to the last two pages of Plaintiff's proposed exhibit 21 on the basis of relevance pursuant to Fed. R. Evid. 402.  The last two pages of exhibit 21 is an internet print out listing the administrators and supervisors for the City of Bridgeport Board of Education.  Such evidence is not relevant to Plaintiff's remaining claims.   The Plaintiff has failed to establish what

material fact at issue the proposed exhibit would tend to prove or disprove. The objection is sustained.

### C. Objections raised by the Plaintiff in the Joint Trial Memorandum

Plaintiff has summarily raised several objections to certain portions of Plaintiff's deposition testimony. Plaintiff is ordered to articulate with specificity and clarity to what he objects and the legal basis for each objection citing the applicable evidentiary rule by October 17, 2011.

### D. Additional Evidentiary Ruling

Defendant may not offer in its case in chief evidence of Plaintiff's subsequent employment and termination as such evidence is irrelevant as there is no evidence that any prospective employer actually considered Plaintiff's application for employment. The only evidence on the record is that the St. Lucie School Board informed the Plaintiff that it did not have a complete application. This Order does not preclude introduction of such evidence for impeachment or rebuttal purposes.

IT IS SO ORDERED.

_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge

Dated at Hartford, Connecticut: October 13, 2011